UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TIFFANIE L. TWYNE,**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,**<br><br>        **Defendant.** | Docket No.: 13-cv-618-WJM-MF<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

On April 21, 2011, the Social Security Administration denied Plaintiff's request to reopen for adjudication the Commissioner's admittedly mistaken denial of benefits from November 2005 until January 2009. Plaintiff appeals this decision pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g). For the reasons set forth below, the court dismisses the Complaint for lack of jurisdiction.

**I.    BACKGROUND**

Plaintiff is 19 years old and receiving Social Security benefits because she qualifies as mentally retarded under the Social Security Administration's regulations. This appeal involves a gap in the benefits. The Social Security Administration (SSA) admits that the gap was the result of a mathematical error on its part.

Plaintiff first applied for and received Social Security benefits in 2003. (Complaint at ¶ 4)  In 2005, SSA informed Plaintiff that it was ceasing Social Security benefits due to excess deemed income, namely, her mother's salary. (Record on Appeal ("Record") at 16)  In her "Statement of Income and Resources," Plaintiff's mother reported that she was paid twice a month. However, instead of

1

doubling the amount of her bi-monthly paycheck, SSA treated her bi-monthly paycheck as a weekly paycheck.  (*Id.* at 16)

SSA sent Plaintiff a "Redetermination Summary" that included a copy of the "Statement of Income Resources."  The "Statement of Income" contained the information Plaintiff's mother had provided regarding her income and resources.  (*Id.* at 16)  In addition, a notice dated November 29, 2005 itemized the mother's income, explained how a parent's income and resources affect a child's Title XVI payments, how parents' income is counted, and why the beneficiary is no longer entitled to benefits.  Plaintiff's mother never questioned or corrected the mistake.

On January 29, 2009, Plaintiff again requested Social Security benefits.  On April 30, 2010, SSA granted the benefits effective January 29, 2009.  The April 20, 2010 decision made no findings regarding the time frame Plaintiff now seeks to have retroactive benefits applied.  (Record at 15)

On May 26, 2010, Plaintiff requested a hearing to reopen the case for adjudication on the erroneous denial of benefits from November 2005 through January 28, 2009.  SSA denied the request because Plaintiff failed to object to the cessation of benefits within the applicable two-year period.  (Record at 14 (*citing* 20 C.F.R. § 416.1488 and 1489))  The Appeals Council denied review of this decision on November 12, 2012.  (Record at 5)

## II.   JURISDICTION

This is the appeal of a denial of the reopening of a case.  The court has no jurisdiction over such denials.  *Kaszer v. Massanari*, 40 F. App'x 686, 690 (3d Cir. 2002) (*citing Califano v. Sanders*, 430 U.S. 99 (1977)); *Coup v. Heckler*, 834 F.2d 313, 317 (3d Cir. 1987)) ("[A] decision by the agency not to reopen a claim is not judicially reviewable.").

It is well settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (internal quotation marks omitted).  "Congress . . . may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had."  *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).

The exclusive method for judicial review of the Social Security Commissioner's action is contained in 42 U.S.C. § 405(g). *Advanced Med. Technologies, Inc. v. Shalala*, 974 F. Supp. 417, 420 (D.N.J. 1997). Under that statute, an individual may obtain judicial review of "*any final decision* of the Commissioner of Social Security made after a hearing to which he was a party . . . ." 42 U.S.C. § 405(g) (emphasis added). Under the Commissioner's regulations, a final decision is made in a Title XVI application after a claimant completes the administrative review process and obtains an (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and (4) Appeals Council review. 20 C.F.R. § 404.900.

The Commissioner's regulations enumerate the administrative actions that are "initial determinations." 20 C.F.R. § 416.1402. A denial of a request to reopen is not listed as an initial determination subject to any further review. *Id.* In fact, the denial of a request to reopen is specifically listed as an administrative action that is not an "initial determination." 20 C.F.R. § 416.1403(a)(5).

Since there has not been any initial determination, there also has not been any final decision. *See* 20 C.F.R. § 404.900. Where there has been no final decision, the court lacks jurisdiction to review the case. *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975). Where the court lacks jurisdiction, it must dismiss the case. *In re Orthopedic "Bone Screw" Products Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997).

## III.  CONCLUSION

For the reasons stated above, Plaintiff's Complaint is dismissed with prejudice.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 10, 2013**