UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TIFFANIE L. TWYNE,**<br><br>　　　**Plaintiff,**<br><br>　v.<br><br>**CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,**<br><br>　　　**Defendant.** | Docket No.: 13-cv-618-WJM-MF<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　　This matter comes before the court by way of Plaintiff's motion to alter a final order dismissing the case. The court will treat it as a motion for relief from an order under Federal Rule of Civil Procedure 60(b)(6). For the reasons set forth below, the motion is denied.

**I.　BACKGROUND**

　　　Plaintiff-Claimant is 19 years-old and receiving Social Security benefits because she meets the Social Security Administration's definition for mental retardation. The underlying appeal involved a gap in benefits that the Social Security Administration (SSA) admits was made in error.

　　　Plaintiff first applied for and received Social Security Benefits in 2003. (Complaint at ¶ 4) In 2005, the SSA informed Plaintiff that SSI benefits were ceased due to excess deemed income because of her mother's salary. (Transcript 16) In her "Statement of Income and Resources," Plaintiff's mother reported that she was paid twice a month. However, instead of doubling the amount of her bi-monthly paycheck, SSA treated her bi-monthly paycheck as a weekly paycheck. (*Id.* at 16) The Social Security Administration sent Plaintiff a "Redetermination Summary" that included a copy of the "Statement of Income Resources." The "Statement of Income

1

Resources" contained the information Claimant's mother had provided regarding her income and resources. (*Id.* at 16) In addition, a notice dated November 29, 2005 itemized the mother's income, explained how a parent's income and resources affect a child's Title XVI payments, how parents' income is counted and why the beneficiary is no longer entitled to benefits. Plaintiff's mother never questioned or corrected the mistake.

In 2009, she again requested Social Security benefits. On April 30, 2010, SSA granted the benefits effective January 29, 2009. The April 20, 2010 decision made no findings regarding the time frame the beneficiary now seeks to have retroactive benefits applied. (Transcript at 15)

On May 26, 2010, Plaintiff requested a hearing regarding the erroneous denial of benefits from November 2005 through January 28, 2009. Plaintiff sought 1.) a deemed filing date of January 2006 and 2.) a reopening of the case. (Transcript 14) The ALJ denied the request because Plaintiff failed to object to the cessation of benefits within the applicable regulatory two-year period. The ALJ also denied the request to set a deemed filing date of January 2006.

The Plaintiff argued that the deemed filing date should be January 2006 under 20 C.F.R. § 416.351 – Deemed filing date in a case of misinformation. Plaintiff argued that the mistaken cessation of benefits based upon a miscalculation of the Plaintiff's mother's income amounted to "misinformation" under the regulation. The ALJ found that 20 C.F.R. § 416.351 did not apply to the Plaintiff's particular situation.

Plaintiff properly filed an appeal for review of the ALJ's decision under 42 U.S.C. §§ 1383(c)(3) and 405(g). On April 11, 2014, this court dismissed the Complaint for lack of subject matter jurisdiction over the question of the Commissioner's refusal to re-open the case.

In this motion, Plaintiff requests review of the Plaintiff's deemed filing date. The court did not reach this issue in its April 11, 2014 opinion, but the parties agree it was within this court's jurisdiction to determine. The court agrees that 42 U.S.C. §§ 1383(c)(3) and 405(g) did confer jurisdiction over this issue.

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 60(b)(6), the court may relieve a party from a final order for any reason that justifies relief. Because the court's

oversight of one of the issues on appeal could justify relief, the court will review the issue of the deemed filing date.

In an appeal from the Commissioner of Social Security, the court conducts a plenary review of the legal issues. *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The factual findings of the Administrative Law Judge ("ALJ") are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).

### III.  DISCUSSION

Although Plaintiff's plight is sympathetic, the ALJ's determination that this was not a case of "misinformation" under the Commissioner's regulation is legally correct and supported by substantial evidence. Under 20 C.F.R. § 416.351, misinformation exists only where the misinformation was provided to the claimant in response to a specific request for information about the claimant's eligibility for benefits. *Id.* at § 416.351(c)(4). In this case, there is no dispute that the claimant made no request. The incorrect information came to the claimant unsolicited. Moreover, the Commissioner's erroneous determination came with a clear explanation of why the Claimant's benefits were to be ceased, and it also encouraged the Claimant to review the determination and contact the SSA within 10 days if there were any discrepancies. (Transcript 16)  The Claimant failed to take any action until January 2009.

### IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion is denied.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 18, 2014**